**Criminal Complaint Affidavit for LARYEN TORRES-CARMONA**

I, Madeline Fitzmorris, a Special Agent with Homeland Security Investigation (HSI), being duly sworn, depose and state as follows:

**INTRODUCTION**

1. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code § 111.

2. I am a Special Agent (SA) with the U.S. Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI). I have been so employed since March 2022, and I am presently assigned to the Office of the Assistant Special Agent in Charge, Louisville, Kentucky. My duties include the investigation of various violations of federal criminal laws. I have attended the Federal Law Enforcement Training Center where training was conducted pertaining to these types of investigations. Prior to my experience at FLETC, I graduated from the University of Arizona, where I received a Bachelor of Science degree in Criminal Justice Studies.

3. This affidavit is based upon my personal knowledge and upon information reported to me by federal and local law enforcement officers and others with knowledge of the case. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

4. On August 26, 2025, subject Laryen TORRES-CARMONA forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with federal law enforcement officers while they were engaged in or on account of the performance of their official duties, when TORRES-CARMONA shoved an Immigration Enforcement Operations (ERO) Deportation

[1]

Officer (DO), hereinafter referred to as DO #2, while he was affecting an administrative arrest with other federal law enforcement officers.

5. Title 18, United States Code, Section 111 (Assaulting, resisting, or impeding certain officers or employees) prohibits:

    a. In general – Whoever –

        (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 [as a federal officer] of this title while engaged in or on account of the performance of official duties; or

        (2) forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 [as a federal officer] on account of the performance of official duties during such person's term of service,

        shall, where the acts in violation of this section constitute only simply assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

6. Title 18, United States Code, Section 1114, defines officer as "any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) while such officer or employee is engaged in or on account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance."

## SUMMARY OF PROBABLE CAUSE

7. On July 25, 2023, TORRES-CARMONA, a Cuban national, applied for admission into the United States at the Nogales, AZ Port of Entry without entry documents or otherwise lawful status for entry into the United States. Due to the lack of documents, Customs and Border Protection (CBP) officers processed TORRES-CARMONA as an inadmissible alien under Title 8, United States Code, Section 1182(a) referring to the Immigration and Nationality

Act Section 212(a)(7)(A)(i)(I). On the same day, TORRES-CARMONA was paroled into the United States and was served DHS Form I-862 – Notice to Appear for January 22, 2024. This parole expired on or about June 27, 2025.

8. On August 29, 2024, TORRES-CARMONA was arrested by Louisville Metropolitan Police Department (LMPD) for Theft by Unlawful Taking $500 < $1000 and Criminal Trespassing (3rd degree) in Jefferson County, Kentucky.

9. On January 17, 2025, TORRES-CARMONA received Form I-797C – Notice of Action by mail, notifying him to report to the office of United States Citizenship and Immigration Services (USCIS) at 411 S. 4th Street in Louisville, KY on August 26, 2025.

10. On June 20, 2025, DHS sent notice to TORRES-CARMONA via mail detailing the cancellation of his parole into the United States. TORRES-CARMONA's parole into the United States ended on or about June 27, 2025.

11. On August 17, 2025, TORRES-CARMONA was arrested by LMPD for Strangulation – 1st degree (domestic violence related) in Jefferson County, KY. According to the citation, TORRES-CARMONA strangled the witness to the point she began to see black, causing neck pain and headache.

12. On August 26, 2025, TORRES-CARMONA appeared for his scheduled appointment at USCIS. TORRES-CARMONA was subsequently served a USCIS Notice of Administrative Closure at the USCIS Office located at 411 S. 4th Street in Louisville, KY, stating that his Form I-485 – Application to Register Permanent Resident or Adjust Status – would be administratively closed. USCIS cited the following reasons for this closure: "TORRES-CARMONA is currently in proceedings before an immigration judge"; USCIS determined TORRES-CARMONA is not an "arriving alien."

13. On August 26, 2025, an arrest warrant was issued for TORRES-CARMONA based on ongoing removal proceedings against TORRES-CARMONA.

## PROBABLE CAUSE

14. On August 26, 2025, after TORRES-CARMONA was served the USCIS Notice of Administrative Closure, an USCIS Officer led TORRES-CARMONA from the lobby of USCIS into a secured working area of USCIS.

15. Upon his entry into the secured working area, TORRES-CARMONA was standing in a short hallway where he was encountered by ERO DO #1. DO #1, speaking in Spanish, identified herself, DO #2, and DO #3 as federal law enforcement officers and notified TORRES-CARMONA that there was a warrant for his arrest and that he would be taken into custody.

16. TORRES-CARMONA looked around and took a step towards the door from which he had just entered the secure area. DO #1 and DO #2 attempted to move closer to TORRES-CARMONA to prevent him from exiting through the door.

17. DO #2 reached for TORRES-CARMONA's left arm to begin handcuffing him. TORRES-CARMONA then forcibly shoved DO #2, making contact with his chest, pushing DO #2 away from TORRES-CARMONA.

18. DO #2 and DO #3 attempted to restrain TORRES-CARMONA against a wall. TORRES-CARMONA continued to resist arrest and attempt to evade arrest by pulling away from officers. At this point, DO #2 and DO #3 placed TORRES-CARMONA on the ground in the prone position. TORRES-CARMONA continued to actively resist arrest by pinning his arms under himself.

[4]

19. After struggling with TORRES-CARMONA, DO #2 and DO #3 were able to place handcuffs on TORRES-CARMONA. DO #2 and DO #3 then guided TORRES-CARMONA to his feet. After being handcuffed, TORRES-CARMONA continued to pull away from DO #2 and DO #3 as he was escorted out of the secured working area and down a stairwell leading outside.

20. Record checks among ICE databases and indices bearing TORRES-CARMONA's photographs and Alien Registration Number confirm the information set forth in this affidavit. TORRES-CARMONA is a citizen and native of Cuba by birth. Biometric confirmation, corroborating TORRES-CARMONA's immigration apprehension records, affirmatively indicate that TORRES-CARMONA is removable under U.S. immigration law.

## CONCLUSION

21. Based on the above information, I believe that there is probable cause to believe that TORRES-CARMONA has committed violation of Title 18, United States Code, Section 111 (Assaulting, resisting, or impeding certain officers or employees).

/s/Madeline Fitzmorris_____
Madeline Fitzmorris
Special Agent
Homeland Security Investigations
Louisville, Kentucky


Sworn to by the affiant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, a reliable electronic means, this 27th day of August, 2025.

_____
Hon. Regina S. Edwards
United States Magistrate Judge