*Electronically Filed*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CASE NO. 3:25-CR-132-RGJ**

**UNITED STATES OF AMERICA**                                                                    **PLAINTIFF**

v.                             **RESPONSE TO MOTION IN LIMINE**

**LARYEN TORRES CARMONA**                                                                      **DEFENDANT**

***** ***** *****

Comes the Defendant, by and through his counsel, Attorney Ashlea N. Hellmann and hereby files with this Honorable Court his Response to the United States Motion in Limine.

The United States has filed a motion in limine indicating that it intends to introduce at trial evidence that:" (1) Mr. Torres Carmona was arrested for theft on August 29, 2024, in Jefferson County, Kentucky and (2) Mr. Torres Carmona was arrested for strangulation on July 7, 2025, in Jefferson County, Kentucky". <u>*In principle, Mr. Torres Carmona does not object to said introduction, but caveats that the admission of such evidence should contain certain limitations*</u> in order to prevent the introduction of unnecessary, prejudicial, and/or hearsay material.

**I. The United States' assertion that Mr. Torres Carmona's prior arrests for theft and strangulation are essential facts that are inextricably intertwined and explain and complete the story of the charged offenses is accurate, but with limitations**

The United States has stated that it seeks to inform the jury that Mr. Torres Carmona had two prior arrests and seeks to do so on the basis that they are "inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." <u>United States v. Brown</u>, 888 F.3d 829, 836 (6th Cir. 2018) *citing* <u>United States v. Old</u>, 309 Fed. Appx. 967, 974 (6th Cir. 2009) *quoting* <u>United States v. Hardy</u>, 228 F. 3d 745, 748 (6th

Cir. 2000). While the United States' reasoning as to Mr. Torres Carmona's anticipated defense(s) is largely speculative, the principal still stands that disclosing the prior arrests in necessary to "complete the story" in this case. The United States and Mr. Torres Carmona both acknowledge that "[t]he arrests are probative of a material issue other than character."

However, as such, the character of the arrests (i.e. the contents of the citation) should be excluded, as their introduction would certainly be intended to impart on Mr. Torres Carmona's character, and are inadmissible hearsay. While the United States' claim that "[t]he arrests complete the story" is true, the contents or allegations of the arrests are unrelated hearsay as it is the fact that the arrests occurred at all that triggered agents to target Mr. Torres Carmona for arrest. Even the United States acknowledges that "[t]hus, the jury should be informed of both of Torres-Carmona's arrests in the context of why USCIS requested Torres-Carmona to come to the USCIS building." Therefore, the necessity of the disclosure of Mr. Torres Carmona's prior arrests should end with the fact that an arrest occurred. *See* United States v. Hardy, 228 F.3d 745, 748 (6th Cir. 2000) ("However, a review of Buchanan and Paulino, and similar cases demonstrates the 'background circumstances exception' to the general exclusion of other act evidence is not an open-ended basis to admit any and all other act evidence the proponent wishes to introduce. Rather the very definition of what constitutes background evidence contains inherent limitations.")

## II. **The United States' assertion that Torres Carmona's prior arrests are highly relevant and are not being used to show propensity fails the 404(b) admissibility test**

Mr. Torres Carmona would assert that it is quite the leap to allege that "[t]he fact that Torres-Carmona knew that he had two prior arrests, one of which occurred approximately one month prior to coming to the USCIS office, negates his claim of confusion and shows he was not acting in self-defense." While the arrests may be necessary to tell the story, to allow the United States to admit that evidence of the prior arrests to somehow negates a (presumed) claim of self-

defense on this case is beyond the bounds of both *Res gestae* evidence and permissible exceptions to FRE 404(b). Such evidence fails the admissibility test laid out by the Court for the introduction of 404(b) evidence that is not for the purpose of completing a background story. For that test, courts must apply a three-step analysis to evaluate the admissibility of evidence under Rule 404(b). *See* United States v. Haywood, 280 F.3d 715, 719–20 (6th Cir.2002); United States v. Gessa, 971 F.2d 1257, 1261–62 (6th Cir.1992) (*en banc*) (For 404(b) evidence to be admissible "1) The district court must decide whether there is sufficient evidence that the act in question actually occurred; 2) the district court must decide whether the evidence of the other act is probative of a material issue other than character; and 3) the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect.")

First, the United States cannot demonstrate that the contents of the citations are "sufficient evidence" that the other bad acts occurred. The theft case has been dismissed, and the strangulation is still pending[1], meaning Mr. Torres Carmona is still presumed innocent. **See Exhibit A**. Even the United States appears to recognize this distinction, as it cites to United States v. Bell, quoting "[i]ntroduction of a defendant's prior criminal **convictions** to prove lack of absence of mistake or accident "must be to prove a fact that the defendant has placed, or conceivably will place, in issue, or a fact that the statutory elements obligate the government to prove." 516 F.3d 432, 442 (*quoting* United States v. Merriweather, 78 F.3d 1070, 1076 (6th Cir. 1996) (emphasis added). The failure here for admissibility is obvious; Mr. Torres Carmona remains innocent of the charges that the United States seeks to introduce. Arrests alone, without convictions or evidence of specific conduct, are not probative of a person's character for [] lawfulness. *See* Nelson v. City of Chicago, 810 F.3d 1061 (2016).

---

[1] After discussing the merits of the case with the alleged victim, the prosecutor has made an offer to dismiss this case as well after Mr. Torres Carmona completes class that are not presently available to him in custody.

Next, whether the United States is correct in its argument that Mr. Torres Carmona "telegraphed his defense" and "Torres-Carmona will likely claim at trial that he was confused, afraid, and acted in self-defense during the encounter with the DOs" does not merit enough reliability to cross the threshold for admissibility of the prior arrests under 404(b)'s second or third prongs. The United States claims the two prior arrests are admissible because:

> "The fact that Torres-Carmona knew that he had two prior arrests, one of which occurred approximately one month prior to coming to the USCIS office, negates his claim of confusion and shows he was not acting in self-defense. It specifically demonstrates that Torres-Carmona did not mistakenly or accidently assault, resist, or oppose the DOs because he was confused and afraid. Rather, Torres-Carmona intentionally assaulted, resisted, and opposed the DOs because he knew he had two prior arrests with both cases pending at the time of his actions and did not want to be taken into ICE custody to be deported."

Such a backbend of conjecture to claim "lack of mistake" to circumvent 404(b) protections calls for far more speculation as to Mr. Torres Carmona's state of mind than the admission of proof of his two (2) prior arrests can truly offer. Nor has it been an argument that has been well-received by other courts. *See* Simmons v. Napier, 626 F. App'x 129, 134 (6th Cir. 2015) (In an attempt to circumvent Rule 404's bar, Simmons claims that he sought to introduce evidence of Officer Mahoi's past conduct "not on [sic] an attempt to show that ... Mahoi acted in a certain way in this instance involving Mr. Simmons, based on his past behavior, but to show that he acted with intent and a lack of mistake and/or accident in acting aggressively toward [Simmons] in the course of his arrest." Appellant Br. 27. This assertion is suspect.); *see also* United States v. Bell, 516 F.3d 432, 442 (6th Cir.2008) (For evidence regarding mistake or accident to be relevant, "the defendant must assert a defense based on some type of mistake or accident."). To allow the United States to introduce evidence of prior arrests to assert that simply because one has been arrested before that

they cannot be "mistaken" in some form or fashion in a later arrest is precisely the sort of propensity reasoning Rule 404(b) forbids.

Further, it is nearly comical that the United States would collaterally even attempt to argue that, because his counsel (whom he did not know until after his arrest) made legal arguments in a court filing, that such legal arguments can be imparted to Mr. Torres Carmona's own personal knowledge prior to his arrest. To allow the United States to assert that, because he hired competent counsel, that Mr. Torres Carmona too "clearly understood" the complexities in immigration law in advance of his arrival to USCIS, to an extent that he would know that his prior arrests may lead to being swarmed by officers in an immigration office is certainly a elasticity of the exception to 404(b) evidence in which the Court cannot permit. Not only is it ridiculous to assert that a non-English speaking immigrant knows immigration law to the extent of licensed counsel, but to impart the words of counsel used in legal argument onto the knowledge of a Defendant is ludicrous. *See* Goldberg v. U. S., 425 U.S. 94 (1976) (The government may use language written by an attorney to impart personal knowledge on a defendant **only** if the defendant has adopted or approved the language as their own statement, as required under the Jencks Act and Federal Rules of Evidence.) (emphasis added).

Additionally, the United States assertion that "[t]he arrests, in and of themselves, also demonstrate why USCIS requested Torres-Carmona to appear at the USCIS building" is misleading and flat out untrue. The United States' own tendered evidence shows that Mr. Torres Carmona appeared at the USCIS office that day because USCIS sent a letter to him and his immigration counsel, instructing them to appear for an interview. The prior arrests have ZERO bearing on his appearance. The United States is seemingly trying to admit the prior evidence they see fit and which makes Mr. Torres Carmona look violent, all while limiting its owned tendered

evidence of the entire immigration process that Mr. Carmona Torres was involved in. That is patently clear in its assertion that "[t]he jury is then left to conjure up numerous nefarious reasons why USCIS brought Torres-Carmona to the USCIS building on August 26, 2025." Whether the underlying intent to arrest him was the goal, Mr. Torres Carmona, in the knowledge known to him at the time, arrived at the USCIS office that day for an interview. Whether the distinction is nefarious is for a jury to decide; but the facts must be offered in full. While the United States may argue such (less than linear) logic in its closing, allowing a witness to make such a conclusion during the introduction of said evidence would be improper admission of 404(b) evidence.

### III. Mr. Torres-Carmona's defenses should not be limited based on unsupported conjecture of an anticipated defense

The United States lastly asserts that it anticipates that Torres-Carmona "may attempt to present evidence collaterally attacking his arrest, denial of his I-485 Application, the current Administration's immigration policies on removal/deportation, the Cuban Adjustment Act, and allegations that he faces persecution in his home country of Cuba." It continues that any such evidence would be "irrelevant under Fed. R. Evid. 401 and purely jury nullification." However, as the United States so aptly put earlier in its own arguments; relevancy is a low bar. FRE 401 states "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

The United States cites to the Sixth Circuit case of United States v. Mtola and the Court's denial of the "defendant's motion to admit testimony of his past experiences in South Africa and exhibits related to his immigration proceedings in a 111(a)(1) assault case" as support for their argument. 598 F. App'x 416, 419 (6th Cir. 2015). While the charges are the same, the proffered evidence and the reasoning for the denial is far different from that in which the United States has stated it expects introduced in this case. In Mtola, the Government filed a pre-trial motion to

exclude evidence of Mtola's upbringing and unpleasant experiences with South African authorities. Id. The district court excluded this evidence, finding that it was barred under Rule. Id. The Government also filed a pre-trial motion to exclude exhibits Mtola presented to the immigration judge in support of his second motion to reopen, arguing that the exhibits were impermissible. Id. The exhibits included Mtola's resume, certificates, church documents, a marriage license, tax returns and several letters. The district court excluded the exhibits, finding that the background evidence was impermissible and non-pertinent character evidence under Rule 404(a) and did not fall within the *res gestae* exception. Id. The Sixth Circuit upheld this decision, not due to relevance, but due to admission being requested under the improper rule, stating:

> In criminal cases, Rule 404(b)(1) affords protections to defendants because it prohibits the Government from offering evidence of "a crime, wrong, or other act ... to show that on a particular occasion the [defendant] acted in accordance with the character." Rule 404(b)(2) provides exceptions to Rule 404(b)(1); these exceptions permit the Government to offer evidence of "a crime, wrong, or other act" in limited circumstances—to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."
>
> The other-acts evidence proffered in this case—i.e., testimony about Mtola's experiences in South Africa and Mtola's motions to reopen and their supporting documents—was offered by the defendant.

To assert that the Court ruled on the overall relevance of the evidence is misleading. Rather the Court found that the evidence was not proffered by the government, thus not admissible under 404(b)(2). Id. Such a ruling does not prohibit Mr. Torres Carmona from seeking to introduce tangentially similar or completely different evidence under other grounds in his defense.

First, there has been no indication that Mr. Torres Carmona intends to introduce "resume, certificates, church documents, a marriage license, tax returns" or any evidence of a like kind. In fact, any of the anticipated "collateral evidence" would largely come from the United States own

documentation, not Mr. Torres Carmona's personal documents. It is curious that the United States would argue that the relevance bar is so low that the admission of evidence of his prior arrests are relevant to "complete the story" but would challenge that admission of the documents that help to explain Mr. Torres Carmona's immigration history are not able to hurdle that low bar as well. The immigration documents and immigration history explain why everyone is ultimately even before this Court in the first place and could not be more intrinsically tied to this case and supporting proof of Mr. Torres Carmona's state of mind at the time he was in the USCIS building.

      Lastly, the United States brings this argument to ultimately request that the Court limit the defenses raised by the defendant to those which can be properly raised for the offenses charged, but does not state what those defenses are that they would intend to have the Court exclude, only the documents and facts that it is concerned may be interpreted in a manner that would potentially harm its case. Mr. Torres Carmona would assert that the described documentation is relevant to the United States proving the elements of the crime for which he is charged. For example, "a case based upon Section 111…is not submitted to the jury without a charge that the 'assault' must be an intentional act wilfully done without legal excuse." Burke v. United States, 1968, 400 F.2d 866, 867. "[I]f the defendant asserts a lack of intention or wilfulness based upon ignorance of the identity of the victim and ignorance of the victim's official privilege to interfere with the defendant's person or freedom of movement, the jury must be allowed to consider the defendant's evidence tending to show that he was ignorant of the official capacity of the victim." Burke, supra. As such, Mr. Torres Carmona should be permitted to introduce any defense (and any supportive documents) that may support a lack of wilfull intent to assault someone, a required element of his charges. Such a defense is proper and material to any element of the current charges. This Court can readily make that decision during the course of trial as the evidence unfolds. Whether those

documents may subsequently "arouse jury hostility or sympathy" is something for the United States to address in closing when it directs the jury on how it believes those documents should be used in making their decision on whether to convict.

                                        Respectfully submitted,

                                        /s/ Ashlea N. Hellmann
                                        Ashlea N. Hellmann
                                        FERNANDEZ & MOLONEY PLLC
                                        401 West Main Street, Suite 1807
                                        Louisville, Kentucky 40202
                                        (502) 589-1001
                                        ahellmann@fhmlegal.com
                                        *Counsel for Defendant Torres Carmona*

## **CERTIFICATION OF SERVICE**

       This is to certify that a copy of the foregoing Motion was electronically filed with the Clerk of the Court by use of the CM/ECF system, sending notice to all counsel of record, on this the 5th day of December 2025.

                                        /s/ Ashlea N. Hellmann
                                        Ashlea N. Hellmann