*Electronically Filed*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CASE NO. 3:25-CR-132-RGJ

UNITED STATES OF AMERICA                                                                  PLAINTIFF

v.                                          **PRETRIAL MEMORANDUM**

LARYEN TORRES-CARMONA                                                                     DEFENDANT

***** ***** *****

Comes the Defendant, by and through his counsel, Attorney Ashlea N. Hellmann and hereby files with this Court his Pretrial Memorandum. Defendant files his Memorandum to assist the Court in presiding over this trial.

A. **STATUTES INVOLVED AND ELEMENTS OF OFFENSES**

   I. **Counts 1&2: Assaulting, Resisting, or Impeding, in violation of Title 18, United States Code, Sections 111(a)(1)**

      a. That the Defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with [*name of federal employee*]; and

      b. That, in doing so, the Defendant made contact with [*name of federal employee*]; and

      c. That the Defendant did so while [*name of federal employee*] was engaged in, or on account of the performance of official duties; and

      d. That the Defendant acted knowingly and intentionally in committing the acts that constituted the offense and without legal excuse.

         i. Elements of forcible assault: an intentional attempt or threat to inflict injury, coupled with an apparent ability to do so, or an intentional display of force

1

that would cause a reasonable person to expect immediate bodily harm, regardless of whether the threat is carried out or the victim is injured (<u>U.S. v. Cooks</u>, 455 Fed.Appx. 584 (2012)).

1. Resistance alone does not satisfy the force requirement under § 111(a)(1). (<u>U.S. v. Robinson</u>, 86 Fed.Appx. 820 (2003)).

B. **STATEMENT OF FACTS**

Mr. Torres Carmona's statement of facts is as follows:

Defendant Laryen Torres Carmona (hereinafter "Mr. Torres Carmona") is a native citizen of Cuba. On July 25, 2023, he appeared at an official point of entry in Nogales, Arizona to apply for admission into the United States. He did not have proper documentation but was still "paroled" into the United States for a period of two years. During that time, Mr. Torres Carmona became eligible to file to adjust his parole status to attempt to become a lawful permanent resident. He retained counsel, who filed this application (Form I-485) with U.S. Citizenship and Immigration Services ("USCIS") on January 17, 2025.

On July 30, 2025, USCIS Louisville emailed Enforcement and Removal Operations ("ERO") Louisville regarding "several subjects reporting to their office with either final orders of removal or criminal history." Mr. Torres Carmona was on that list due to a recent criminal arrest.[1] ERO vetted that list and made plans to take Mr. Torres Carmona into custody due to this arrest. The same day (July 30, 2025), USCIS sent Mr. Torres Carmona and his attorney letters titled "Request for Applicant to Appear for Initial Interview", asking Mr. Torres Carmona to report to

---

[1] During his period of parole, the Defendant was arrested on two (2) cases, the later triggering these events. The first case (Jefferson County Case No 24-M-6300) was dismissed and expunged pursuant to Kentucky's "automatic expungement" statute for dismissed cases. The expungement was entered on November 21, 2025. **See Exhibit A.** The later (Jefferson County Case No 25-F-5448) will be dismissed upon completion of an anger management program, which is not available to the Defendant at this time due to his custody status.

2

their office on August 26, 2025, "for the completion of [his] Application to Register Permanent Residence or Adjust Status Form I-485 and any supporting applications or petitions."

On or about August 26, 2025, at the USCIS office, in the Western District of Kentucky, Jefferson County, Kentucky, Mr. Torres Carmona appeared with an interpreter, at the request of USCIS, for said Initial Interview on his citizenship petition. Once there, USCIS handed Mr. Torres Carmona an English-language letter, which effectively stated that his case was being "administratively closed" on the claimed basis that he was "not an arriving alien", which would strip USCIS of the jurisdiction to hear his Application to adjust his status.[2] He was then escorted into a side room where he was met by three (3) deportation officers. One of the officers claims to have spoken in Spanish and told Mr. Torres Carmona that they had a warrant for his arrest. Mr. Torres Carmona told the Deportation Officers in Spanish something like "you cannot". A Deportation Officer made physical contact with Mr. Torres Carmona on his lower right arm and Mr. Torres Carmona extended the same arm, in confusion, trying to make sense of what was occurring. Deportation Officers then pinned Mr. Torres Carmona against a wall before taking him to the floor and pinning him there with their knees and handcuffing him. Neither Deportation Officer reported suffering any injuries in the incident.

The defendant believes that the United States will dispute some or all of the above facts.

C. **SUBSTANTIVE ISSUES OF LAW**

Defendant has a pending motion to dismiss for violations of his Constitutional rights. The parties have filed their respective briefs on the matter, but the Court has not yet made a ruling.

---

[2] Defendant maintains that multiple USCIS documents created at his arrival to the United States designate him as an "arriving alien" and that this closure was improper and only done to strip him of any possible protections from the intended deportation.

3

### D. **EVIDENTIARY ISSUES**

#### I. *Evidence of other bad acts*

The United States has indicted in its Motion in Limine that it intends to introduce evidence that would fall within the realm of evidence of "other bad acts" pursuant to Federal Rule of Evidence 404(b). Mr. Torres Carmona has filed a written Response to this motion.

#### II. *Hearsay statements*

Defendant believes that the United States may try to introduce statements made by USCIS/ICE employees, contained within various reports prepared by Special Agent Braden Moore. The Federal Rule of Evidence 803(8) provides that certain public records are not excluded by the hearsay rule. However, this exception explicitly excludes, in criminal cases, matters observed by law enforcement personnel. This exclusion is intended to prevent the admission of hearsay statements contained within police reports or other law enforcement records in criminal cases. *See* U.S. v. Nanny, 745 F.Supp. 475 (1989). Additionally, third party hearsay statements contained within a government report (made by persons such as victims, alleged perpetrators, witnesses, and prosecutors) are not admissible under the public records exception to the hearsay rule in criminal cases. *See* Miller v. Field, 35 F.3d 1088 (1994) (The court held that hearsay within hearsay in police reports is inadmissible under Rule 803(8)(C)).

#### III. *Stipulations*

The Defendant will propose a stipulation to the United States regarding his prior state court arrests, as well as his knowledge of those arrests. In effort to make the most efficient use of the Court and jury's time, counsel will continue to look for appropriate matters for potential stipulations as preparations continue. Any additional proposed stipulations will be brought to the attention of the Court.

E.  **POTENTIAL TRIAL PROBLEMS**

The Defendant is a native Spanish speaker with limited English proficiency. In order for him to be able to adequately participate in his defense an interpreter(s) will be required. To ensure accurate interpretation, Defendant would request that the interpreter be given a break every hour or that a relief interpreter be permitted to substitute in every hour. Defendant would further request that all interpreters be permitted to interpret all critical parts of the case to the defendant, including bench conferences.

F.  **SUBSTANTIVE AND SPECIAL JURY INSTRUCTIONS**

The Defendant tenders the following proposed substantive/special jury instructions:

1. **Multiple Charges**: The defendant has been charged with two (2) crimes. The number of charges in an indictment is not evidence of guilt and should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge and return a separate verdict for each one. Your decision as to one charge, whether it is guilty or not guilty, should not influence your decision on the other charge.

2. **Entrapment**: One of the questions on this case is whether the defendant was entrapped. Entrapment has two elements:
    a. That the defendant was not already willing to commit the crime; and
    b. The government, or someone acting for the government, induced or persuaded the defendant to commit it.

   The government bears the burden of proof, beyond a reasonable doubt, of proving that the defendant was already willing to commit the crime prior to first being

approached by government agents. If you find the defendant was entrapped, you must find him not guilty.

3. **Self-defense**: It is a defense to the charge if the defendant:

    a. Reasonably believed that use of force was necessary to defend oneself against immediate use of unlawful force; and

    b. The defendant used no more force than appeared reasonably necessary in the circumstances.

    If you find that the defendant was entitled to use the defense he did, you must find him not guilty.

4. **Prior Acts**: You have heard testimony that the defendant was charged with crime(s) other than the ones charged in the indictment. If you find that the defendant was in fact charged with those crimes, you can consider this evidence only as it relates to the government's claim on the defendant's [*absence of mistake*]. You must not consider it for any other purpose.

G. **PROPOSED VOIR DIRE QUESTIONS**

1. Is any member of the panel acquainted, either professionally or socially, with (1) the defendant, (2) the attorneys, or (3) the witnesses?

2. This is a case involving a person currently without U.S. citizenship. Do any of you have any moral, religious or philosophical beliefs about immigration or obtaining citizenship that would prohibit you from being a fair and impartial juror in this case? In other words, do you believe that your beliefs on immigration/citizenship would prevent you from being an impartial juror in this case?

3. This case was investigated by the Immigrations and Customs Enforcement (ICE), and the United States Customs and Immigration Services (USCIS). Has any member of the panel or any member of your family or your close friend/associate had any personal connections with these or any other law enforcement agency?

4. Does anyone hold any particular views regarding the testimony of law enforcement officers in general, i.e. are you more likely to believe or disbelieve testimony solely because the person is a member of law enforcement?

5. Have you ever served on jury duty before? Was it a criminal case or a civil case? If so, was the jury able to reach a verdict? What was it?

6. Have you or anyone in your family or a close friend ever received any legal training, practiced law, or worked in an attorney's office?

7. The judge will instruct you on the elements of each offense, which the government must prove to you beyond a reasonable doubt. Your opinions as to any other matters related to this case are irrelevant to making a decision as to the Defendant's guilt. Does anyone think they would be unable to exclude irrelevant issues from their decision making as to guilt?

8. You'll hear that the government has the burden of proof and the standard it has to meet is proof beyond a reasonable doubt. Further, the Defendant has a Constitutional right to elect not to put on any evidence to prove he is not guilty or to testify in his own defense. You may not hold this decision against him in any way. If the Defendant here chooses not to put on any evidence or testify in his defense, would that affect anyone's ability to follow the law and hold only the

government to its burden of proving guilt in this case? Would you hold it against the Defendant for not putting on evidence to prove he is innocent/not guilty?

9. There are two types of evidence that you may hear/see, direct and circumstantial. Direct evidence can be physical evidence, such as photographs or documents, or testimony. Circumstantial evidence, the second type, is evidence that requires jurors to draw an inference from the facts. For example, if you go to bed at night and there is no snow on the ground, but when you wake up in the morning the ground is covered with snow, your observations that it snowed during the night is circumstantial evidence. The law has no preference for either type and does not presume that one is "better" than the other. Does anyone believe that there are certain types of evidence that they would be unable to consider or would automatically consider to be stronger/weaker evidence than other types?

10. Do you understand that a defendant on trial is entitled to a presumption of innocence, and that presumption may only be overcome by competent evidence of guilt beyond a reasonable doubt? Do you believe that it is likely that the defendant must have done *something* criminal to result in him now being before you in a trial?

11. Do any of you have difficulty hearing, seeing or sitting for long periods of time?

12. Do any of you have events going on in your lives that would distract your attention from the testimony and evidence of this case? This may be an actual event or internal emotions related to a circumstance which requires your priority and focus to be on that circumstance rather than a trial.

H. **EXHIBIT LIST**

The Defendant submits under separate cover tender an exhibit list and will supplement as needed. The exhibits will be comprised of documents, previously provided by the United States. Counsel for the Defendant will confer with counsel prior to trial regarding the authentication of the exhibits and bring to the Court's attention any issues arising therefrom.

Respectfully submitted,

/s/ Ashlea N. Hellmann
Ashlea N. Hellmann
FERNANDEZ & MOLONEY PLLC
401 West Main Street, Suite 1807
Louisville, Kentucky 40202
(502) 589-1001
ahellmann@fhmlegal.com
*Counsel for Defendant Torres Carmona*

**CERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing Motion was electronically filed with the Clerk of the Court by use of the CM/ECF system, sending notice to all counsel of record, on this 11th day of December 2025.

/s/ Ashlea N. Hellmann
Ashlea N. Hellmann