**FILED**

JAMES J. VILT JR,
CLERK

January 29, 2026

U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                             Plaintiff

v.                                          Criminal Action No. 3:25-cr-132-RGJ

LARYEN TORRES-CARMONA                                             Defendant

\* \* \* \* \*

**JURY INSTRUCTIONS**

1

**INTRODUCTION**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.  I will start by explaining your duties and the general rules that apply in every criminal case.   Then I will explain the elements, or parts, of the crime that the defendant is accused of committing. Then I will explain some rules that you must use in evaluating testimony and evidence.  And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## JURORS' DUTIES

You have two main duties as jurors. Your first duty is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions I give you, even if you personally disagree with them. This includes the instructions I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their opening and closing arguments or in their questioning of the witnesses. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, fear, or prejudice you may feel influence your decision in any way.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

As you know, the defendant has pleaded not guilty to the crime charged in the indictment. The indictment is not evidence of guilt. It is just the formal way the government tells the defendant what crime he is accused of committing. It does not raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that the defendant is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant is guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

## DEFINITION OF THE CRIME

### Introduction

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. I will now explain the elements of the crime that the defendant is accused of committing.

**VERDICT LIMITED TO CHARGES AGAINST THIS DEFENDANT**

Remember that the defendant is only on trial for the particular crime charged. Your job is limited to deciding whether the government has proved the crime charged beyond a reasonable doubt.

## Count 1:  Assaulting, Resisting, or Impeding Certain Officers or Employees
## (18 U.S.C. § 111(a)(1))

The defendant, Laryen Torres-Carmona, is charged with the crime of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a federal officer, Officer Rodriguez, who was performing his official duties. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) *First*: The defendant forcibly

(B) *Second*: assaulted, resisted, opposed, impeded, intimidated or interfered with;

(C) *Third:* a federal officer who was engaged in the performance of an official duty, and

(D) *Fourth*: the acts involved the defendant's physical contact with the officer.


Now I will give you more detailed instructions on some of these terms.

(A) To act "forcibly" the defendant must knowingly, consciously, and voluntarily commit the act.

(B) The term "forcibly" can include either proof of actual physical contact or, in the absence of physical contact, an intentional threat or display of physical aggression toward the officer that inspires fear of pain, bodily harm, or death. The Defendant must have forcibly or intentionally created the physical contact himself.

(C) To prove that the defendant "forcibly" assaulted, resisted, opposed, impeded, intimidated, or interfered with a "*federal officer*" the defendant does not have to know that the victim was a federal officer. It is enough that the United States

prove beyond a reasonable doubt that the victim was a federal officer performing an official duty.

(D) A "federal officer" is an officer or employee of the United States or any agency in any branch of the United States Government.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

**Count 2:  Assaulting, Resisting, or Impeding Certain Officers or Employees**
**(18 U.S.C. § 111(a)(1))**

The defendant, Laryen Torres-Carmona, is charged with the crime of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a federal officer, Officer Woods, who was performing his official duties. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) *First*: The defendant forcibly

(B) *Second*: assaulted, resisted, opposed, impeded, intimidated or interfered with

(C) *Third:* a federal officer who was engaged in the performance of an official duty, and

(D) *Fourth*: the acts involved the defendant's physical contact with the officer

Now I will give you more detailed instructions on some of these terms.

(A) To act "forcibly" the defendant must knowingly, consciously, and voluntarily commit the act.

(B) The term "forcibly" can include either proof of actual physical contact or, in the absence of physical contact, an intentional threat or display of physical aggression toward the officer that inspires fear of pain, bodily harm, or death. The Defendant must have forcibly or intentionally created the physical contact himself.

(C) To prove that the defendant "forcibly" assaulted, resisted, opposed, impeded, intimidated, or interfered with a "*federal officer*" the defendant does not have to know

9

that the victim was a federal officer. It is enough that the United States prove beyond a reasonable doubt that the victim was a federal officer performing an official duty.

(D) A "federal officer" is an officer or employee of the United States or any agency in any branch of the United States Government.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## INFERRING REQUIRED MENTAL STATE

I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant willingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## EVIDENTIARY MATTERS

### Introduction

That concludes the part of my instructions explaining the elements of the crime. Next, I will explain rules that you must use in considering of the testimony and evidence.

## EVIDENCE DEFINED

You must make your decision based only on the evidence you saw and heard here in court. Do not let rumors, suspicions, or anything else you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I may not have let you hear the answers to some of the questions that the lawyers asked or ruled that you could not see some exhibits that the lawyers wanted you to see. And sometimes I may have ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed.  Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendant.  The burden of proof remains on the government.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Direct evidence is simply evidence, like the testimony of an eyewitness, that directly proves a fact. If a witness testified that they saw it raining outside, and you believed them, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(1) Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(2) Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(3) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(4) Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

(5) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(6) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is

16

inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(7) And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe a witness's testimony was contradicted by other evidence, remember people sometimes forget things, and even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

## A WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS

You have heard the testimony of Jeffrey Remer, Officer Woods, Officer Rodriguez, and James Tinsley who testified to both facts and opinions.  Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept this witnesses' opinions.  In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

### CREDIBILITY OF WITNESSES – LAW ENFORCEMENT OFFICER

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness. You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

## NUMBER OF WITNESSES

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified for a given party makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the number of witnesses.

## LAWYERS' OBJECTIONS

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence, as I have defined it, which you saw and heard here in court.

## ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE

A defendant has an absolute right not to attend trial, testify, or present evidence. The fact that he did not attend trial, testify, or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

## DELIBERATIONS AND VERDICT

### Introduction

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to the Court Security Officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Court Security Officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

## RESEARCH, INVESTIGATION, AND OUTSIDE COMMUNICATIONS

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, LinkedIn, YouTube or X (formerly known as Twitter), to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

### UNANIMOUS VERDICT

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves their guilt beyond a reasonable doubt.

To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

**DUTY TO DELIBERATE**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that—your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So, you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

**JUROR NOTES**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

## PUNISHMENT

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

## VERDICT FORM

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and notify the Court Security Officer.

**COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.